# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>vs.<br><br>ARMANDO RODRIGUEZ-PALOMARES<br><br>                            Defendant. | CASE NO. 05cr1965 JM<br>CIVIL NO. 08cv1929 JM<br><br>ORDER DISMISSING MOTION TO REDUCE SENTENCE BROUGHT PURSUANT TO 28 U.S.C. § 2255 |

On August 14, 2006, following a bench trial, Defendant Armando Rodriguez-Palomares ("Defendant"), a non-United States citizen, was found guilty of one count of attempted entry after deportation in violation of 8 U.S.C. § 1326. On November 14, 2006 Defendant was sentenced to a custodial term of 54 months, followed by three years of supervised release. Defendant appealed his conviction and sentence. On October 14, 2008 Defendant filed a motion for a reduction of the sentence pursuant to 28 U.S.C. § 2255 ("Motion"), contending that he could have received a two point reduction in the sentencing guideline range upon acceptance of a final order of deportation. (Motion at p.1). Defendant contends that his rights to due process and equal protection of the laws have been violated because, as an alien with an immigration detainer lodged against him, he is ineligible to participate in certain Bureau of Prisons ("BOP") programs. For the reasons set forth below, the court summarily dismisses the Motion.

**28 U.S.C. §2255 Review**

Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears

from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In such an instance, the district court is not required to hold a hearing or to require a response from the government. See 28 U.S.C. § 2255.

**Procedural Bar**

Defendant has procedurally defaulted these claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to substitute for an appeal). A review of the record reveals that Defendant appealed his conviction but it appears that he did not raise these claims on direct appeal. Defendant does not sufficiently allege any basis for finding that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. See Murray v. Carrier, 477 U.S. 478, 485 (1986). Accordingly, his failure to raise these claims on direct review results in the procedural default of these claims. Id. The Motion is dismissed.

**The Merits**

Defendant's exclusion from certain BOP programs as a consequence of his immigration status, does not violate due process or equal protection. See McLean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999). In McLean, the plaintiffs claimed that the BOP violated their constitutional rights when it denied their requests for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) on the basis of the Immigration and Naturalization Service detainers lodged against each of them. The Ninth Circuit noted that the exclusion of inmates with detainers, found at 28 C.F.R. § 550.58 (1997), is based on the "BOP's conclusion that custodial considerations preclude prisoners with detainers from participating in a community-based treatment program." Id. at 1184 (citing 61 Fed.Reg. 25121). "The BOP reasoned that prisoners with detainers pose a flight risk during the community-based treatment phase because they are subject to possible deportation upon release from custody, and therefore have reason to flee a halfway house." Id. The Ninth Circuit concluded that the BOP's reasoning was "rationally-based" and concluded that "the detainer exclusion is a valid exercise of the BOP's authority under the statute." Id.

The Ninth Circuit then turned to the plaintiff's equal protection argument. The court noted that

the plaintiff "'must first show that the statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group.'" Id. at 1185 (quoting United States v. Lopez-Flores, 63 F.3d 1468, 1472 (9th Cir. 1995)). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." McLean, 173 F.3d at 1185 (quoting Lopez-Flores, 63 F.3d at 1472). The court concluded that the plaintiffs had merely demonstrated that "the statute results in prisoners with detainers being treated differently from prisoners without detainers." McLean, 185 F.3d at 1186. The court explained that prisoners with detainers are not a suspect class and therefore applied a rational basis test. The court concluded that excluding prisoners with detainers from participating in the community-based treatment was a reasonable means of eliminating the risk of flight and therefore found the detainer exception survived constitutional scrutiny. Accordingly Defendant is not entitled to relief under 28 U.S.C. §2255 and the Motion is dismissed.

Furthermore, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve"). As noted by the Supreme Court, § 3621(e)(2)(B) grants the BOP the discretion to determine which inmates receive the benefit of early release. Lopez v. Davis, 531 U.S. 230 (2001). Thus, it appears that Defendant is actually challenging the BOP's policy, and not his sentence. As such a challenge is not within the scope of a motion brought under 28 U.S.C. §2255, the motion is denied.

Finally, even if Defendant had asked at sentencing for a downward departure or reduced sentence due to his status as a deportable alien, it would not have been granted. "[T]he deportable status (of a defendant) may not be a ground for downward departure from the applicable guideline range for aliens who are deportable." United States v. Martinez-Ramos, 184 F.3d 1055, 1058 (9th Cir. 1999). While a downward departure on the ground of deportable alien status may be appropriate

1 under extraordinary circumstances involving crimes unrelated to alienage, the sentencing guidelines
2 for crimes arising under §1325 and §1326 adequately take a defendant's alienage into consideration.
3 "Because deportable alien status is an inherent element of the crimes to which the guideline applies,
4 this factor was clearly 'taken into consideration by the Sentencing Commission in formulating the
5 guideline [ ]' (18 U.S.C. §3443(b)) and was accounted for in the offense levels it established." Id.
6 (quoting United States v. Gonzalez-Portillo, 121 F.3d 1122, 1124-25 (7th Cir.1997), cert. denied, 522
7 U.S. 1061 (1998)).  Consequently, the Motion is denied because a downward departure based on
8 Defendant's status as a deportable alien is simply not available to him.

   In sum, the Motion to reduce Defendant's sentence is dismissed.  The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: October 22, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties